IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jason M. Ratcliff, et al.

    Plaintiffs,

  v.

Reginald Wilkinson, et al.,

    Defendants.

Case No.  1:05cv481

Judge Michael R. Barrett

## OPINION AND ORDER

Before the Court is the April 24, 2006 Motion of Defendants to Dismiss Plaintiffs' Complaint (Doc. 12).  Plaintiffs filed a Memorandum in Opposition on May 18, 2006 (Doc. 14).  Defendants filed a Reply Memorandum on May 30, 2006 (Doc. 15).

This matter is now ripe for review.  For the reasons stated herein, the Motion of Defendants to Dismiss Plaintiffs' Complaint(Doc. 12) is hereby **DENIED.**

A.    FACTS

The Plaintiffs, Jason Ratcliff ("Husband") and Kelsey Ratcliff ("Wife"), were married May 11, 2005 by the State of Montana (Complaint, ¶ 17).  Husband is an inmate at the Lebanon Correctional Institute in Lebanon, Ohio (Complaint, ¶¶ 14 and 15).  It appears from the Complaint, although not specifically stated, that Husband was incarcerated prior to his marriage to Wife and that Husband was incarcerated at the time of the marriage (See Complaint, ¶ 20).  Plaintiffs alleged that Defendants have refused to allow Wife to visit Husband at the Lebanon Correctional Institute in violation of their constitutional rights (Complaint, ¶¶ 22 and 24).

B. <u>ANALYSIS</u>

Defendants seek, pursuant to Fed. R. Civ. Pro. 12(b), an order from the Court dismissing Plaintiffs' Complaint in its entirety on the ground of failure to state a claim upon which relief can be granted.

1. **12(b)(6) Standard**

A motion to dismiss under Rule 12(b)(6) requires this Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle it to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995); see also *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986) ("It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.  Some factual basis for such claims must be set forth in the pleadings.").

Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted. *Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004), *citing*, Fed.R.Civ.P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).  A complaint need not anticipate every defense and accordingly need not plead

every response to a potential defense. *Id.*, *citing*, *Poe v. Haydon*, 853 F.2d 418, 424 (6th Cir.1988) (stating that a civil rights plaintiff need not anticipate an affirmative defense which must be pleaded by the defendant).

### 2. Section 1983

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Tuttle v. Oklahoma City*, 471 U.S. 808 (1985). Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001), *citing*, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998) *and United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir.1992).[1]

In the present case, the Complaint alleges that "all Defendants acted under color and authority of the State." Complaint, ¶32. Next, Plaintiffs claim Defendants violated their constitutional rights under the First, Eighth and Fourteenth Amendments by

---

[1] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

denying Plaintiff Kelsey Ratcliff visitation with Plaintiff Jason Ratcliff, her husband. Specifically that Defendants established circumstances at the Lebanon Correction Institute which caused harm to Plaintiffs' mental health in violation of the Eighth Amendment; that Defendants violated Plaintiffs First Amendment Right of Association; and Defendants intentionally inflicted emotional distress upon Plaintiffs. Thus, accepting all of the complaint's factual allegations as true, as required by Civil Rule 12(b)(6), and as Plaintiffs have provided a factual basis for their allegations, the Court finds that Plaintiffs have sufficiently stated a claim.

While the Court can appreciate the Defendants' efforts to avoid needless litigation, the Court reminds the Defendants that "Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.*, *quoting*, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As a result, this Court cannot place a burden of proof upon Plaintiff at the initial pleading stage. Such a burden is more appropriate for a motion for summary judgment, not a motion to dismiss.

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 12) is hereby **DENIED**.

    **SO ORDERED.**

                                      s/Michael R. Barrett
                                      Michael R. Barrett, Judge
                                      United States District Court